FILED
SUPERIOR COURT
OF GUAM

2019 SEP 11 PM 3: 13

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Case No. CF0067-19 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DECISION AND ORDER |
| | ) | |
| TOMMY AMANTO, | ) | |
| DOB: 11/23/2002 | ) | |
| | ) | |
| JAYSON GAAN SOWAS, | ) | |
| DOB: 05/10/2002 | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 21, 2019 for a hearing on submissions by Defendant Tommy Amanto of an Amended Motion for De-certification and Transfer to Family Court and Defendant Jayson Sowas of a Motion for De-certification and Transfer to Family Court. Defendant Amato is represented by Assistant Public Defender Ali Nusbaum, and Defendant Sowas is represented by Alternate Public Defender Ana Maria Gayle. Assistant Attorney General Sean Brown appeared on behalf of the People of Guam. After considering the arguments of the parties, and the applicable law, the Court issues this Decision and Order denying both Defendants' motions.

## BACKGROUND

On January 11, 2019 thirteen rooms at Simon Sanchez High School were burglarized. (Magistrate's Complaint, Decl. at 1, Feb. 6, 2019). Items damaged included: the exterior door of the storage room; seven other doors; a glass pane; a fire alarm; three computer monitors; three chalkboards; and three spray painted walls. *Id.* Various objects and equipment were stolen as well. *See id.* The police received information that four young men had been bragging about the burglary. *Id.* Both Defendants were identified as being part of the group of young men. *Id.* Security footage of the night also revealed the Defendants' had been present at the school when the incident took place. *Id.*

Defendant Amanto was interviewed by police and admitted that he, Defendant Sowas, and two other young men jumped the fence into Simon Sanchez. *Id.* Thereafter, Defendant Sowas and the other two minors broke into the school building and broke several items. Defendant Amanto admitted to being in the band room where the group destroyed several items, but denies stealing anything, because "he didn't want to be there." *Id.* According to Defendant Amanto, some of the stolen items were later exchanged for marijuana. *Id.*

A grand jury indicted the Defendants on charges of Burglary (as a Second Degree Felony), Criminal Mischief (as a Misdemeanor), Theft of Property (as a Misdemeanor), and Criminal Trespass (as a Misdemeanor) in connection with the incident. (Indictment, Feb. 15, 2019). Shortly thereafter, Defendant Amanto filed a Motion for Removal to Family Court. (Mot. Removal to Fam. Ct., Mar. 8, 2019). A hearing on this motion was held and the court continued the matter because Defendant Amanto was not present. (Minute Entry, Apr. 3, 2019). Defendant Sowas later filed his Motion for De-Certification and Transfer to Family Court, and Defendant Amanto filed an Amended Motion for De-Certification and Transfer to Family Court.

(Mot. De-Cert. & Transfer to Fam. Ct., Apr. 11, 2019) (hereinafter "Sowas' Mot. De-Cert.");

(Amended Mot. De-Cert. & Transfer to Fam. Ct., Apr 12, 2019) (hereinafter Amanto's Mot. De-Cert."). The Court held a hearing on both Defendants' motions and subsequently took the matters under advisement. (Minute Entry, Jun. 21, 2019).

## DISCUSSION

Under Guam law, when a minor is sixteen (16) years of age at the time of commission, the prosecutor is required to charge that person as an adult when the alleged offense is a felony of the first or second degree, as well as any offenses which arise out of the same scheme. 19 GCA § 5106(a). While charging the minor as an adult is mandatory, the Guam Code also authorizes courts to transfer the matter to Family Court. 19 GCA § 5106(d). Transfer is permissible when the court finds by clear and convincing evidence "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." *Id.* In evaluating whether transfer to Family Court is warranted, the court should consider:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused seriously bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

> (5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;
> (6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;
> (7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and
> (8) the adequacy of the punishment or services.

*Id.* In considering the above factors, the court must give greater weight to the seriousness of the alleged offense and the minor's history of juvenile delinquency than any of the other factors. *Id.* The Court is tasked with striking a balance between the best interest of the juvenile defendant(s) and the "public's interest in being protected from crime." *People v. Moore*, 957 N.E.2d 555, 560 (Ill. Ct. App. 2011).

**A. Age and History of the Defendants.**

At the time the allege offense was committed Defendant Amanto had just turned sixteen years old, which is at the lower range for certification. He has neither a history of abuse nor any known mental health, physical, or educational issues. Defendant Amanto also has only one previous juvenile case. These factors weigh in favor of transfer for Defendant Amanto.

Defendant Sowas was about four and a half months away from turning seventeen at the time of the alleged offense, which is still on the younger side of the sixteen to eighteen age range of the statute. He also has no history of abuse or known mental, physical, or educational issues. However, Defendant Sowas has had five prior juvenile cases. The high number of prior cases weighs against transfer to Family Court.

**B. Circumstances of the Offense.**

The Declaration attached to the Magistrate's Complaint leads the Court to believe that not only were the alleged offenses serious in nature, but that they were committed in a premeditated and highly malicious manner. The four minors brought an "axe" with them in

order to gain access into the school building. (Magistrate's Complaint, Decl. at 1). One of the minors, Defendant Amanto, was designated as a lookout to ensure that the group had time to escape if caught in the act. *Id.* Once inside, they proceeded to cause damage to thirteen rooms: damaging wooden doors, breaking a glass pane and a fire alarm, damaging computer monitors and chalkboards, and spray painting walls. *Id.* In addition, they stole a number of items, including electronic equipment, which they proceeded to trade for marijuana. *Id.*

While the extent of the destruction already illustrates a wanton and callous disregard for property of the community, the way in which the Defendants were identified as suspects shows the mean-spirited and uncaring manner in which this incident was committed. Both Defendants Amanato and Sowas were initially identified because they had been bragging to other students about their activities, and showing off the "spoils" of their misdeeds. *Id.* The Court finds these allegations particularly troubling. Repairing the damage caused will currently have to be footed by the Department of Education and, by extension, the hardworking taxpayers of Guam. Additionally, the damage and subsequent repairs have likely caused disruption to the day to day activities to the school, and to the Defendant's peers. The Defendants' alleged remorselessness shows a great disregard for the community and their fellow students.

While the Defendants are presumed innocent and may be acquitted at a later date; the allegations levelled at the Defendants are of such a serious and malicious nature as to greatly discourage transfer to Family Court.

## C. Advantages of Treatment in the Juvenile Justice System, the Defendants' History of Treatment, and Likelihood of Rehabilitation.

As both Defendants argue, the benefit of the Juvenile Justice System is its educational and rehabilitative nature. Defendants assert that Family Court will provide them with an

opportunity to finish their education and an opportunity to receive treatment to assist their psychological and emotional growth into adulthood. (Amanto's Mot. De-Cert. at 4), (Sowas' Mot. De-Cert. at 4-5). Given the Defendants' histories and the circumstances of this case, the Court is skeptical about the likelihood that either Defendant will avail themselves of the Family Court resources, or be rehabilitated.

Defendant Sowas has already had five other juvenile cases, one of which is still active. (Sowas' Mot. De-Cert. at 5). Defendant Sowas is currently undergoing treatment in his active case, and likely has received treatment in the other cases as well. *Id.* Yet, despite treatment already offered by the Family Court, Defendant Sowas continues to find himself in trouble with the justice system. The Court finds it highly unlikely that transferring this case to Family Court will result in a miraculous turnaround in the Defendant's behavior. These factors greatly disfavor transferring Defendant Sowas' case.

Defendant Amanto, in contrast, has had only one prior juvenile case and, therefore, only one prior opportunity to receive the benefit of guided treatment by the juvenile court. It is possible that further treatment might be of great assistance to him, and could result in rehabilitation. However, the allegation that Defendant Amanto was bragging about the incident calls into question whether he is remorseful of his actions and willing to work at getting treatment or changing his behavior. (Magistrate's Complaint, Decl. at 1). Additionally, it appears that Defendant Amanto has been having trouble following his pre-trial conditions of release by failing to report in to the Probation Office and by failing to obey his condition of house-arrest. (1st Violation Report, Jun. 19, 2019). In totality, the Court finds that these factors neither favor nor disfavor transfer of Defendant Amanto's case.

## D. Security of the Public.

Here, the Defendants are charged with non-violent offenses involving destruction of property and theft. While the offenses alleged are serious, the Court finds the offenses charged do not *require* that the minors be sentenced as adults under Title 9 Chapter 80 in order to protect the security of the public. This factor favors transfer of the Defendants' cases.

## E. Adequacy of Punishment.

If the Court choose to decertify the Defendants as adults and transfers their cases to Family Court, the Family Court would retain jurisdiction over the Defendants at most until they reach twenty-one years of age. 19 GCA §5105. For both Defendants that would be a maximum of about four years. If convicted of the greatest offense, the Defendants would be subject to a minimum sentence of five years without suspension and up to ten years. 9 GCA § 37.20(b). The Defendants, however, may also be sentenced as first offenders and would receive up to five years imprisonment in lieu of the standard sentencing range. *Id.* Comparing the Family Court's maximum jurisdiction over the Defendants to the sentence that would be imposed if the Defendants' are convicted, the Court finds that the time to be served is about proportional and, therefore, this factor favors transfer to Family Court.

After analyzing all of the factors, this Court does not find that clear and convincing evidence demonstrates "that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." 19 GCA § 5106(d). While some factors weigh in favor of transferring the minors to Family Court, this Court is required to weigh the circumstances of the offenses and the minor's history of prior juvenile cases greater than other factors. *Id.* The allegations in this case deeply trouble the Court, and the Declaration accompanying the Complaint shows a particular level of

maliciousness that simply cannot be disregarded or dismissed as youthful ignorance. The allegations that the Defendants bragged about the incident, coupled with the Defendants' prior juvenile cases, makes the Court question whether either Defendants would truly avail themselves of the benefits that the Family Court provides. As such, the Court will deny both Defendants' motions and proceed with the case as certified.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant Amanto's Amended Motion for De-Certification and Transfer to Family Court and **DENIES** Defendant Sowas' Motion for De-Certification and Transfer to Family Court. The Court shall hold a pre-trial conference on October 1, 2019 at 3:00 p.m.

**IT IS SO ORDERED** on this 11th day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG , APD

Date: 9/11/19 Time: 3:16 pm

Deputy Clerk, Superior Court of Guam